## BASTIAN et al. v. UNITED STATES.

### No. 8433.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1941.

As Corrected April 18, 1941.

778

Fred L. Hoffman, of Cincinnati, Ohio, for appellants.

Frederic W. Johnson, of Cincinnati, Ohio, and Charles Denny, of Washington, D. C. (Norman M. Littell, Charles R. Denny, Edward J. Hickey, and Roger P. Marquis, all of Washington, D. C., and Frederic W. Johnson, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

The parties will be referred to as they stood upon the record in the District Court.

The decree appealed from was for specific performance of a contract by which defendants agreed to sell plaintiff certain lands needed for the completion of the Greenhills Resettlement Project. The plaintiff entered into the contract upon the authority of the Emergency Relief Appropriation Act of April 8, 1935, ch. 48, 49 Stat. 115.

■ It is urged that the Act violates Article I, section 1, and Article I, section 8, clause 18 of the Constitution, and also the Tenth Amendment. It is too late now to debate this question. The Act is constitutional. See Helvering, Commissioner, et al v. Davis, 301 U.S. 619, 640, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319. The Act provides, "That in order to provide relief, work relief and to increase employment by providing for useful projects, there is hereby appropriated * * * to be used in the discretion and under the direction of the President * * * the sum of $4,000,000,-000 * * *."

In its work relief program under the supervision of the "Resettlement Administration" established by executive order, the Government included three demonstrational suburban projects called Greenbelt communities.

Greenhills illustrates the basic principle of each. It is a community of modern homes located around a commercial center and common, and encircled by park lands and farms. It includes 676 dwelling units and 56 farm units. It is contemplated that the farms produce vegetables, fruits, dairy, poultry and meat products, to be available to the community. The area of the project is 5,938 acres, 780 acres of which are within the corporate limits of Greenhills. There are 486 acres of park land. For demonstration purposes a large area will be devoted to soil conservation and reforestation, including a planting of 1,500,-000 trees. In the rural development area of 3,900 acres are 30 farms of about 125 acres each. The plaintiff has provided a supervisor whose duties are to advise the resident farmers as to modern methods of farming and soil culture. There are other farms consisting of about 30 acres each devoted to part time farming; and still

other small house units having an acre or two of tillable land with each.

The primary purpose of the project, of course, was to furnish work and work relief and to increase employment in a time of economic stress; and beyond doubt the contract was authorized by the Act.

The contract, dated November 26, 1935, was in the form of an irrevocable option, granting the plaintiff the right to purchase the lands involved for $11,500, and including the following provisions:

"In Consideration of the sum of One ($1.00) Dollar, in hand paid and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the undersigned hereby * * * grants to the Optionee the exclusive and irrevocable option and right to purchase. * * *

"It is agreed * * * that the purchase price shall be paid at the time of recording [the] deed; and that said lands, including improvements, shall be delivered in the same condition as they now are, customary use and wear excepted.

"This option may be exercised by the Optionee by mailing or telegraphing within two (2) months from the date hereof a notice of acceptance of the offer."

On January 20, 1936, defendants' attorney in a letter to plaintiff's representative stated: "Since this paper" (the option) "was obtained by fraud and misrepresentations and was given without consideration, you are hereby notified that said alleged option is void and of no effect and is not considered binding upon my clients."

Thereupon plaintiff in a timely letter exercised the option. It said: "The offer to sell * * * is hereby accepted on the terms therein stated."

On April 17, 1936, plaintiff tendered to defendants the purchase price and requested them to execute and deliver a general warranty deed for the lands. Upon their refusal to comply, the plaintiff brought this action and deposited the purchase money in the registry of the court. Upon the trial the court entered a decree for the plaintiff.

In addition to challenging the constitutionality of the Act of April 8, 1935, defendants pressed upon the District Court, and here, all conceivable defenses.

■ First,—it is said that the option was without consideration.

It acknowledged the receipt and sufficiency of $1 and other valuable considerations and defendants may not now go beyond this provision. Bond v. John V. Farwell Co., 6 Cir., 172 F. 58, 61.

■ Second,—defendants charge that they were induced to sign the option by threats and misrepresentation. The court found that this was not true. There was substantial evidence to support the finding and we discover nothing in the record to cause us to disagree with it.

■ Third,—defendants insist that the obligations of the option were not mutual; that the plaintiff was not required by the contract to pay the purchase price. The point is without merit. The agreement provided, "that the purchase price shall be paid at the time of recording such deed. * * *" By "such deed" is meant, of course, the general warranty deed which defendants agreed to execute. The question of mutuality has now disappeared if it was ever present, for plaintiff tendered the price at the time it requested the execution of the deed and kept up the tender by depositing the purchase money in the registry of the court.

In Williston on Contracts, Vol. 5, Rev. Ed., 1937, p. 4022, § 1440, it is said: "For example, when the party seeking specific performance has fully performed, *or is now tendering complete performance,* clearly specific performance should be granted." (Italics ours.)

We think it commonplace to say that defendants may not assume that the plaintiff, the Government, seeking equitable relief, would not be willing, or if unwilling, would not be compelled to do equity.

■ Fourth,—it is said that there was no sufficient acceptance of the option. Defendants point to the following clause in the letter of acceptance, to wit: "Notice is further given that, except as may be expressly reserved in the offer, the United States of America requires that no growing timber be cut; that no pasture lands be plowed; that no buildings or improvements be removed or damaged; and that no waste be committed on the land nor its value depreciated in any way."

They say that this clause, construed in connection with the acceptance above quoted, destroys the acceptance and constitutes a counter offer. We think otherwise. The clause is no more than an admonition to the defendants against the violation of the following contract provision: "It is agreed * * * that said lands, including improvements, shall be delivered in the

same condition as they now are, customary use and wear excepted."

Finally,—defendants insist that if plaintiff could acquire the lands at all it had an adequate remedy at law and that therefore equity had no jurisdiction. It points to the Executive Order of April 30, 1935, No. 7027, through which the plaintiff could acquire property "by the power of eminent domain * * *"; but the same order authorizes acquisition by purchase and the plaintiff had a right to have its contract of purchase specifically enforced. The case was one for which the equitable remedy was peculiarly appropriate but, up until the effective date of the Rules of Civil Procedure, there was no provision making the remedy applicable in a court of law. Under the rules which became effective during the pendency of the proceedings in the District Court, providing for one form of action only, the court was authorized to grant the relief sought. See Rule 54(c), 28 U.S.C.A. following section 723c.

Decree affirmed.